# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 16, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| BASSAM AL SADDAWI, | * | |
| | * | |
| Petitioner, | * | No. 17-1640V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Glen H. Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for Petitioner.
*Camille M. Collett*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 31, 2017, Bassam al Saddawi ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he developed left arm swelling, a rash, pain, and permanent scarring as a result of the influenza vaccination that he received on November 7, 2014. *See* Petition, ECF No. 1. On October 8, 2019, the parties filed a stipulation for award which the undersigned adopted as her Decision awarding compensation on October 9, 2019. Decision, ECF No. 32.

On November 7, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 36 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $54,292.77, representing $52,159.40 in attorneys' fees and $2,133.37 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner states that he has not incurred any costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

related to this litigation. Fees App. at 3. Respondent responded to the motion on November 8, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 37. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.     Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.  Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Joseph "Ted" McFadden, $350.00 per hour for work performed in 2015, $363.00 per hour for work performed in 2016, $376.00 per hour for work performed in 2017, $395.00 per hour for work performed in 2018, and $422.00 per hour for work performed in 2019; for Mr. Glen Sturtevant, $326.00 per hour for work performed in 2018 and $339.00 per hour for work performed in 2019; and for Ms. Elizabeth Muldowney, $333.00 per hour for work performed in 2015. These rates are all consistent with what these individuals have previously been awarded for their Vaccine Program work and the undersigned finds these rates to be reasonable herein as well.

The paralegals of Rawls Law Group billed at the hourly rate of $159.00 per hour for 2019, which exceeds the range for paralegals for 2019 per the Office of Special Masters Attorneys'

Forum Hourly Rate Fee Schedule for 2019. The undersigned reduces the paralegal rates for 2019 to $156.00 per hour, reducing the request for attorneys' fees in the amount of **$10.80**.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The undersigned has reviewed the submitted billing entries and finds that the overall number of hours billed in this matter attributable to paralegal work is excessive. The main issue is that paralegals expended 0.1 hours (or six minutes) on each discrete action involving medical records, even when those tasks should not take six minutes to perform. For example, 0.1 hours was billed as "Attention to" whenever medical records were received, and another 0.1 hours was billed to update the medical records tracking log. The medical records tracking log was also updated every time a new records request was sent by counsel. The cumulative effect of this is an excessive amount of time spent on the relatively straight-forward task of requesting medical records. Similarly, excessive time was spent concerning invoices for medical records and updating the firm payment chart, a clerical task. These issues have all previously been noted concerning the work of Rawls Law Firm paralegals. *See Beiting v. Sec'y of Health & Human Servs.*, No. 17-726V, 2018 WL 4907964, at *3 (Fed. Cl. Spec. Mstr. Sept. 11, 2018); *Kollias v. Sec'y of Health & Human Servs.*, No. 16-868V, 2018 WL 6301793, at *2 (Fed. Cl. Spec. Mstr. Oct. 2, 2018); *Antisdel v. Sec'y of Health & Human Servs.*, No. 17-964V, 2018 WL 6930459, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 4, 2018). To account for these issues, the undersigned shall reduce the final award of fees by **$1,250.00**, representing an approximately 10% reduction of paralegal time billed.

Additionally, the billing records indicate that Mr. McFadden billed travel time at his full hourly rate, rather than at one half of his rate as is typical in the Vaccine Program absent a showing that work was being performed while traveling. In this case, because Mr. McFadden billed separate entries on the same day for travel and for preparation for a meeting with Petitioner, the undersigned can presume that Mr. McFadden was not doing case work while traveling. Fees App. Ex. 1 at 7-8. The undersigned will reduce the final award of fees by **$787.50** to account for this. Petitioner is therefore awarded **$50,111.10** in final attorneys' fees.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,133.37 in attorneys' costs. Fees App. at 1. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and a retainer paid to a medical expert. Upon review, the undersigned finds it necessary to reduce the final award of costs due to the inclusion of an errant cost. Although Petitioner requests $950.00 as reimbursement for a retainer paid to Dr.

Den, the submitted invoice indicates that it is for a different Vaccine Program case. Fees App. Ex. 2 at 31-32 (indicating that the work of Dr. Den was for a client named James Black). Indeed, a prior case adjudicated by the undersigned and handled by Mr. Sturtevant's former colleague Ramon Rodriguez involved a petitioner named James Black with work performed by Dr. Den, for which Mr. Rodriguez has already been compensated. *Black v. Sec'y of Health & Human Servs.*, No. 16-1292V, 2019 WL 5483163 (Fed. Cl. Spec. Mstr. Jun. 28, 2019).[3] Accordingly, the undersigned shall reduce the final award of attorneys' fees by $950.00 to account for this inclusion.

The remainder of the costs have been supported with adequate documentation and are reasonable in the undersigned's experience. Accordingly, Petitioner is awarded final attorneys' costs of **$1,183.37.**

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $52,159.40 |
| (Reduction to Fees) | - ($2,048.30) |
| **Total Attorneys' Fees Awarded** | **$50,111.10** |
| | |
| Attorneys' Costs Requested | $2,133.37 |
| (Reduction to Costs) | **-** ($950.00) |
| **Total Attorneys' Costs Awarded** | **$1,183.37** |
| | |
| **Total Amount Awarded** | **$51,294.47** |

**Accordingly, the undersigned awards a lump sum in the amount of $51,294.47, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Glen Sturtevant, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] The undersigned has also reviewed the fees application submitted in *Black*, and notes that the invoice submitted for Dr. Den in that case is identical to the documentation submitted in the instant case. Additionally, the billing records indicate that Mr. Rodriguez did not bill any time and was not otherwise involved in this case in any way, nor do the billing records reflect any time billed for correspondence with Dr. Den.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master